```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
DWIGHT NOEL,                                           :
                                                       :
                        Plaintiff,                     :
                                                       :
        - against -                                    :      11 Civ. 3147 (PAC)
                                                       :
CHASE INVESTMENT SERVICES                              :      OPINION AND ORDER
CORP./JP MORGAN CHASE BANK,                            :
CORRINNE ROYE,                                         :
                                                       :
                        Defendants.                    :
                                                       :
------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 24, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 10, 2011, Plaintiff Dwight Noel ("Noel") filed this action against his former employer, JPMorgan Chase Bank N.A. ("Chase Bank")[1] and his former branch manager, Corrinne Roye ("Roye"), pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"); the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, et seq. ("NYCHRL"); and the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution. Noel's primary allegation is that he was discriminated against and ultimately terminated on the basis of his gender.

Defendants move to dismiss Noel's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants claim that Noel's Title VII claims are untimely and that the Equal Protection Clause does not apply to actions by private actors. Since the federal claims fail, Defendants urge the Court to decline to exercise jurisdiction over Noel's state law claims.

---

[1] JPMorgan Chase Bank N.A. was incorrectly named in this action as Chase Investment Services Corp./JP Morgan Chase Bank.

For the reasons that follow, Defendants' motion to dismiss Noel's complaint is GRANTED.

## BACKGROUND

### I. Facts

From September 2006, through December 2009, Noel was employed by Chase Bank as a business banker at its retail branch located at Bedford and Dekalb Avenues in Brooklyn. (Compl. ¶¶ 14-17; Lieberman Aff., Ex. 4.)  In April 2008, Roye became the branch manager of this retail branch.  (Id. ¶ 15.)

Noel alleges that since September 2008, he has been subject to gender discrimination. (Id. ¶ 4.)  Roye treated female employees more favorably than male employees.  (Id. ¶ 4, 17-18.) Roye denied Noel and other male employees access to telephones, computers, fax machines, printers, and customers and falsified their employees' sales records.  (Id. ¶ 4, 17-18.)

In December 2009, Chase Bank terminated Noel's employment.  (Id. ¶ 6.)  Noel alleges he was terminated "without good cause based on his gender."  (Id.)  In addition to gender discrimination, Noel alleges that he was subject to a hostile environment, sexual harassment, and retaliation.  (Id. ¶¶ 37, 39, 55.)

### II. Procedural History

On January 12, 2010, Noel filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants discriminated against him on the basis of his sex and terminated him in retaliation for raising complaints related to such discrimination with a supervisor.  (Lieberman Aff., Ex. 1 at 2.)  On June 1, 2010, the EEOC found no basis to find a violation of federal law, and issued Noel a right-to-sue letter.  (Id., Ex. 2.)

On July 28, 2010, Noel filed a complaint against Chase Bank in this Court.  (See 10 Civ. 5727, Dkt. No. 1.)  In September 2010, Chase Bank indicated that it intended to move to dismiss Noel's complaint for failure to state a claim.  (Lieberman Aff., Ex. 4.)  On November 30, 2010, Noel voluntarily dismissed his claim, and the Clerk of the Court was directed to close the case.  (See 10 Civ. 5727, Dkt. No. 4.)

On February 11, 2011, Noel filed a second charge with the EEOC.  (Lieberman Aff. Ex. 6.)  Noel's second EEOC charge again detailed Defendants' alleged discriminatory conduct that lead to Noel's termination in December 2009, although this charge contained only a sex discrimination claim.  (Id.)  On February 18, 2011, the EEOC determined that Noel's second EEOC charge was not timely filed, and issued Noel a right-to-sue letter.  (Id., Ex. 7.)  On May 10, 2011, Noel filed a complaint against Defendants in this Court.  (Id., Ex. 8.)

On July 29, 2011, Defendants moved to dismiss Noel's complaint on four grounds: (1) Noel's Title VII claim is time-barred; (2) there is no individual liability under Title VII, thus Noel's claims against Roye fail; (3) Noel's Equal Protection claim fails because it applies only to actions taken by state actors; and (4) since the federal claims fail, the Court should not exercise jurisdiction over Noel's state law claims.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).  "A complaint need only make 'allegations plausibly suggesting' that a plaintiff has a viable claim, as long as those allegations 'possess enough heft to sho[w] that the pleader is entitled to relief.'"  Williams v. Time Warner Inc., No. 10–1389–cv, 2011 WL 4470015, at *2 (2d Cir. Sept. 28, 2011)

(discussing the pleading requirements for a Title VII claim) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (alteration in original)).

In ruling on Defendant's 12(b)(6) motion, "it is proper for this court to consider the [Noel's] relevant filings with the EEOC," even though not attached to Noel's complaint, because the documents are integral to his complaint.  Holowecki v. Federal Exp. Corp., 440 F.3d 558, 565-566 (2d Cir. 2006).  The prior lawsuit was assigned to this Court and it "So Ordered" the voluntary dismissal.  There is no doubt that the Court may judicially notice these facts of record.  See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir.2006).

## DISCUSSION

A. Title VII Claims

Noel alleges that he was subject to gender discrimination, a hostile work environment, sexual harassment and retaliation in violation of Title VII.  (See Compl. ¶¶ 4, 37, 55).  Noel raises these claims against both the individual and corporate Defendants.

*1. Noel's Title VII Claims Against Defendant Roye*

"[I]ndividuals are not subject to liability under Title VII."  Patterson v. County of Oneida, N.Y.  375 F.3d 206, 220 -221, 375 F.3d 206 (2d Cir. 2004) (quoting Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000) (per curiam)).  Only the employer is liable, not the employee.  Since Roye is not subject to liability under Title VII, Noel's Title VII claims against Roye are dismissed.

*2. Noel's Title VII Claims Against Defendant Chase Bank*

Before a Title VII action may be filed in Court, a plaintiff must file timely charges of discrimination with the EEOC.  42 U.S.C. §§ 2000e-5(e)(1), (f)(1).  The EEOC charge must be filed within 300 days of the alleged discriminatory conduct, and any discrimination suit must be

filed within 90 days of receipt of a right-to-sue letter.  See 42 U.S.C. § 2000e-5(e)(1), 5(f)(1); Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 77 (2d Cir. 2003).  "The relatively short time-frame was chosen by Congress 'to encourage the prompt processing of all charges of employment discrimination.'"  Woodruff v. National R.R. Passenger Corp, No. 09 CV 1709(HB), 2009 WL 4930574, at *2 (S.D.N.Y. Dec. 21, 2009) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)).

Noel's Title VII claims all relate to his employment at and termination from Chase Bank. Noel was terminated on December 1, 2009.  (Compl. ¶ 6.)  While Noel initially filed a timely EEOC charge on January 10, 2010, and a timely lawsuit, he voluntarily dismissed this action on November 30, 2010.  (See 10 Civ. 5727).  Therefore, Court considers the timeliness of Noel's second EEOC charge.  See Nasr v. Daiwa Bank, Ltd., No. 96 Civ. 9244(SHS), 1998 WL 142133, at *5 (S.D.N.Y. 1998) (finding that plaintiff's second EEOC charge, which preceded the instant action, governed the calculation of the 300 day limitation period); Bascom v. Brookdale Hospital, 2010 WL 475304, at *1 (E.D.N.Y. 2010) (noting that where plaintiff's first lawsuit, based on his first EEOC claim, was dismissed, plaintiff's second EEOC claim and second lawsuit, if based on the same conduct as the first EEOC claim, could not resurrect his time-barred claims).

Noel's second EEOC charge was filed on February 11, 2011, thus the limitations period began 300 days earlier, on April 17, 2010.  (See Lieberman Aff. Ex. 6.)  Since the discrimination allegedly began in September 2008, and Noel was terminated in December 2009, his Title VII claims are time-barred.  See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 2070, 122 S.Ct. 2061 (U.S. 2002) (holding that an employee "must file the charge with the EEOC within 300 days of the employment practice").

5

In an attempt to resurrect his claim, Noel argues that his first action should have tolled the statute of limitations because he has been in continuous communications with Chase Bank since December 2009. (Pl. Opp. 13, 15.) Equitable tolling is an exception to the 300 day limitations period. Zerilli-Edelglass, 333 F.3d at 80. It is the plaintiff's burden to show the equitable tolling exception applies. Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002). Equitable tolling is appropriate where "a party is prevented in some extraordinary way from exercising his rights," such as where a plaintiff: "actively pursued his judicial remedies by filing a defective pleading during the statutory period or has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Zerilli-Edelglass, 333 F.3d at 80 (internal citations omitted). In making its determination, a "court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. (quoting Chapman, 288 F.3d at 512).

Noel does not allege that he was tricked into dismissing his prior action or that his prior lawsuit was in any way defective. The record is clear that Noel stopped actively pursuing his judicial remedies by voluntarily dismissing his prior action on November 30, 2010. (See 10 Civ. 5727, Dkt. No. 4.) The only communication between the parties that occurred around or after Noel voluntarily dismissed his complaint was in February 2011. On February 2, 2011 Noel sent a letter to Chase Bank "requesting reinstatement," after having learned that Roye had been transferred to another bank. (Compl. ¶ 7.) On February 11, 2011, Noel filed his second EEOC claim. (Lieberman Aff. Ex. 6.) In Noel's second EEOC claim, he continues to allege sex discrimination based on Defendants conduct in 2008 and 2009, and attaches his February 2, 2011

letter to Chase Bank requesting reinstatement. (Lieberman Aff. Ex. 6.) The EEOC immediately rejected Noel's claim as untimely. (See Lieberman Aff. Ex. 7.)

Noel cannot toll the limitations period on his discrimination claims by alleging that he was denied reinstatement in January 2010 and February 2011. The timetable for discrimination claims (300 days to file a claim with the EEOC; 90 days from the receipt of a right-to-sue letter to file a lawsuit) is in place because there is the need for urgent action by an employees's employer. If employees were allowed to toll their Title VII discrimination claims by the tactic of requesting reinstatement, or having the statute run from the date of such request, the statutory timetable would be rendered meaningless.

Noel has not shown that he "actively pursued his judicial remedies" or that he was "prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass, 333 F.3d at 80. Accordingly, the Court finds that the equitable tolling exception does not apply to Noel's first action. Noel's Title VII claims are time-barred and therefore are dismissed.

B. Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause applies only to actions taken by state actors. See Fitzgerald v. Barnstable School Committee, 555 U.S. 246, 257 (2009) ("The Equal Protection Clause reaches only state actors"); Zaidi v. Amerada Hess Corp., 723 F. Supp. 2d 506, 518 n.3 (E.D.N.Y. 2010) ("[T]he Equal Protection Clause of the Fourteenth Amendment can provide a vehicle for an employment discrimination claim . . . . only where the defendant-employer is a state actor, and not where, as here, the employer is a private entity."). While Noel argues that civil rights violations can be raised against private actors (see Pl. Opp. 17-18), none of the cases he cites involves a claim raised under the Equal Protection Clause. See Newman v. Borders, Inc., 530 F. Supp.2d 346 (D.D.C. 2008) (considering claims raised under 42 U.S.C. §

1981); Morris v. Office Max, Inc., 89 F.3d 411 (7th Cir. 1996)(considering claims raised under 42 U.S.C. §§ 1981, 1982); Christian v. Wal-Mart Stores, Inc., 252 F.3d 862 (6th Cir. 2001) (considering claims raised under 42 U.S.C. §§ 1981 and Title VII)).  Since Defendants are not state actors, Noel's Equal Protection Claim fails.

I.      **NYSHRL and NYCHRL Claims**

Noel's New York State and City Human Rights Laws claims are pendant to his federal claims.  See Compl. ¶¶ 37, 39, 55.  Under 28 U.S.C. § 1367(a)(c), a Court has the discretion to exercise supplemental jurisdiction over pendant state law claims.  If, however, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (quoting Castellano v. Board of Trustees, et al, 937 F.2d 752, 758 (2d Cir.1991)).  The Court declines to exercise its supplemental jurisdiction over Noel's NYSHRL and NYCHRL claims.  These claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
       October 21, 2011

                                            SO ORDERED

                                            _____
                                            PAUL A. CROTTY
                                            United States District Judge

8

1981); Morris v. Office Max, Inc., 89 F.3d 411 (7th Cir. 1996)(considering claims raised under 42 U.S.C. §§ 1981, 1982); Christian v. Wal-Mart Stores, Inc., 252 F.3d 862 (6th Cir. 2001) (considering claims raised under 42 U.S.C. §§ 1981 and Title VII)). Since Defendants are not state actors, Noel's Equal Protection Claim fails.

### I. NYSHRL and NYCHRL Claims

Noel's New York State and City Human Rights Laws claims are pendant to his federal claims. See Compl. ¶¶ 37, 39, 55. Under 28 U.S.C. § 1367(a)(c), a Court has the discretion to exercise supplemental jurisdiction over pendant state law claims. If, however, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (quoting Castellano v. Board of Trustees, et al, 937 F.2d 752, 758 (2d Cir.1991)). The Court declines to exercise its supplemental jurisdiction over Noel's NYSHRL and NYCHRL claims. These claims are dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
October 24, 2011

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge

8